THE STATE OF OHIO, APPELLEE, *v.* PATTERSON, APPELLANT.

(No. 1285—Decided December 30, 1986.)

*Craig S. Albert,* prosecuting attorney, and *Mark B. Marein,* for appellee.

*Thomas G. Kelley* and *Paul T. Kirner,* for appellant.

COOK, J. On December 2, 1983, Airway Distributors and appellant, Randy Patterson, its statutory agent, were indicted on two counts of trafficking in counterfeit controlled substances. Both parties entered pleas of not guilty. Their cases were consolidated for trial to the court.

At trial, after the prosecution presented its case, appellant moved for acquittal, which motion was denied. After the trial, the court dismissed the first count of the indictment but found both defendants guilty as to the second count. Both defendants were sentenced.

Appellant has appealed the judgment of the trial court and has filed the following four assignments of error:

"1. The court committed error when it convicted appellant in the absence of any probative evidence that he sold any counterfeit controlled substance to anyone.

"2. The court's error in convicting appellant without proof was a denial of his basic due process rights under the Ohio and United States Constitutions.

"3. The court erred in its denial of appellant's motion for acquittal made pursuant to Rule 29, Ohio Rules of Criminal Procedure, at the end of the state's evidence.

"4. The statute under which ap-

pellant has been convicted, Ohio Revised Code section 2925.37, violate[s] his rights to due process under law guaranteed by the Ohio and United States Constitutions.''

Assigned errors one, two and three are well-taken, but assigned error four is without merit.

Count Two of the indictment reads:

''SECOND COUNT: The said Randy Patterson and Airway Distributors on or about November, 1983, at Chardon, Geauga County, Ohio, did knowingly sell or offer to sell a substance that they knew was a counterfeit controlled substance to and in violation of R.C. 2925.37(B), Trafficking in Counterfeit Controlled Substances, and said act being a felony of the fourth degree.''

R.C. 2925.37(B) provides:

''No person shall knowingly make, sell, offer to sell, or deliver any substance that he knows is a counterfeit controlled substance.''

According to the testimony of Sergeant Daniel Shipek of the Geauga County Sheriff's Department, posing as one Michael Ness, he phoned Airway Distributors and talked to a ''young lady'' and ordered a quantity of ''brown and clear'' pills. The pills were sent C.O.D. to the post office where Sergeant Shipek picked them up. Shipek later testified that the pills were consistent with the drug ''brown and clears'' sold on the street.

The record before this court contains no evidence that Shipek had any contact with appellant as to this ''sale.'' Nor was any evidence presented by the prosecution that appellant owned, controlled or directed the operations of Airway Distributors.

While there was evidence before the trial court that appellant had sold counterfeit controlled substances on other occasions, there was no evidence that he, individually, participated in any capacity in the sale which is the subject of the second count of the indictment.

The court erred in not granting appellant's Crim. R. 29 motion for acquittal at the end of the prosecution's evidence. There was no probative evidence of appellant's guilt. His conviction, without evidence of his guilt, denied appellant due process.

Appellant's contention that R.C. 2925.37 is void for vagueness and thus violates his rights to due process is without merit. In *State* v. *Scott* (1982), 69 Ohio St. 2d 439, 441, 23 O.O. 3d 390, 391, 432 N.E. 2d 798, 800, the court noted:

'' * * * 'All the Due Process Clause requires is that the law give sufficient warning that men may conduct themselves so as to avoid that which is forbidden.' * * * ''

R.C. 2925.37 is a clear legislative pronouncement of specific prohibited conduct. It gives adequate warning that the sale of a counterfeit substance is a criminal offense.

We conclude that R.C. 2925.37 is not unconstitutionally overbroad on its face.

The judgment of the trial court is reversed and final judgment is entered for appellant.

*Judgment reversed*
*and defendant discharged.*

DAHLING, P.J., and FORD, J., concur.